**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

MISSISSIPPI VALLEY TITLE INSURANCE COMPANY
and OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY                                                                    PLAINTIFFS

VS.                                                        Civil Action No. 3:09-cv-746-HTW-LRA

BANK OF FOREST, CHARLES H. EVANS, JR.,
and THE EVANS FIRM                                                                   DEFENDANTS

**ORDER REFERRING CASE TO BANKRUPTCY COURT**

Before this court is the motion of the Bank of Forest asking this court to expedite the referral of this case to bankruptcy court [Docket No. 3]. Plaintiffs in this lawsuit, Mississippi Valley Title Insurance Company and Old Republic National Title Insurance Company, oppose defendant's motion. Also before the court is a motion to remand this matter to state court, said motion filed by defendants Charles Evans, Jr., and the Evans Firm [Docket No. 18]. Further, these same defendants ask this court to abstain [Docket No. 20].

The issue in this case is whether Mississippi Valley Title Insurance Company and Old Republic National Title Insurance Company's claims against the Bank of Forest, Charles Evans Jr., and the Evans Firm implicate any substantive bankruptcy laws or whether the plaintiffs' claims simply pertain to state law, i.e., whether plaintiffs

should issue a title insurance policy to defendant, the Bank of Forest, where allegedly the Bank of Forest has not met certain requirements or conditions precedent.

Plaintiffs contend that this case does not implicate any substantive bankruptcy laws, that by this action they simply seek a declaratory judgment to determine their legal obligations to the Bank of Forest and relief from Evans under Mississippi state law. They contend that based upon the professional representations made by Charles Evans, an approved attorney for purposes of providing certification of title on certain properties, they issued a title commitment to the Bank of Forest on a certain piece of property. Later, they say they learned that title to the subject property was not vested in G&B Investments, Inc., as allegedly represented by Evans, but in Town Park of Madison, LLC, and already encumbered by a first deed of trust.

The Bank of Forest, a defendant herein, draws the court's attention to a number of other lawsuits involving real estate transactions where plaintiffs provided title insurance to various lenders under similar circumstances as here involving The Evans Firm. Those other lawsuits are currently in bankruptcy court. The Bank of Forest concludes that this lawsuit should join those similar lawsuits already in bankruptcy court.

This case, as argued by the Bank of Forest, may be related to the forty (40) other Chapter 7 bankruptcy cases and three (3) adversary proceedings currently pending in the United States Bankruptcy Court for the Southern District of Mississippi. The bankruptcy court should have an opportunity to consider this case along with the others already before it to determine whether any aspect of this matter would impact the bankruptcy laws. If not, the bankruptcy court will simply return this matter here for

2

further proceedings.

**CONCLUSION**

IT IS, THEREFORE, ORDERED AND ADJUDGED that this case be referred to bankruptcy court [Docket No. 3]. Accordingly, the court denies defendants' Charles Evans, Jr., and the Evans Firm's motion to remand [Docket No. 18] and motion to abstain [Docket No. 20].

SO ORDERED, this the 28th day of May, 2010.

s/ HENRY T. WINGATE
CHIEF JUDGE
UNITED STATES DISTRICT JUDGE


Civil Action: 3:09-cv-746-HTW-LRA

Order Referring Case to Bankruptcy Court